976 F.2d 727
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Barrie E. STEVENS, Petitioner-Appellant,
v.
Arthur T. HAFDELIN, Probation Officer, Respondent-Appellee.
 No. 92-6237.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 15, 1992
Decided: September 22, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-91-517-R)
 Neil Edward McNally, Barry Tatel, KEY & TATEL, Roanoke, Virginia, for Appellant.
 Eugene Paul Murphy, Office of the Attorney General of Virginia, Richmond, Virginia, for Appellee.
 W.D.Va.
 Dismissed.
 Before HALL, SPROUSE, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Barrie E. Stevens seeks to appeal the district court's order denying relief under 28 U.S.C. § 2254 (1988). We deny a certificate of probable cause to appeal and dismiss the appeal.
 
 
 2
 Stevens was convicted after a bench trial in state court in Virginia of forcibly sodomizing a child under eleven, Va. Code § 18.2-67.1 (Michie 1988), and sexually abusing a child of less than thirteen, Va. Code § 18.2-67.3 (Michie 1988). The victim was Stevens' daughter. Stevens appealed his conviction to the Virginia Court of Appeals, which affirmed. The Virginia Supreme Court denied his subsequent petition for appeal and Stevens then filed a habeas petition in state court alleging ineffective assistance of counsel. The trial court denied the petition and the Virginia Supreme Court denied a petition for leave to appeal. Stevens is currently on probation.
 
 
 3
 Stevens' present petition, filed under 28 U.S.C.s 2254 (1988), alleges that his trial counsel was ineffective for failing to challenge the sufficiency of the evidence of penetration and for failing to specifically object to certain videotapes that the State introduced into evidence. The district court denied relief, finding that the outcome of the trial would not have been different even had defense counsel performed as Stevens wished.
 
 
 4
 To prevail on an ineffective assistance claim, Stevens must meet the two-step inquiry enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, he must show that his attorney's performance was deficient, i.e. below the wide range of professionally competent performance. Second, he must show that he was prejudiced by his attorney's substandard performance. The Supreme Court has defined prejudice as a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.
 
 
 5
 A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; Griffin v. Warden, F.2d (4th Cir. 1992).
 
 
 6
 Stevens' first claim is that his counsel's motion to strike the evidence at the close of the trial was insufficiently specific to apprise the court of the lack of evidence of penetration, a necessary element in the forcible sodomy conviction. We agree with the district court's conclusion that the victim's testimony that she was required to perform "oral sex" on Stevens was sufficient, especially when viewed in conjunction with the other evidence established at trial, to establish penetration. See Stevens v. Hafdelin, No. CA-91-0517-R, at pp. 6-11 (W.D. Va. Feb. 5, 1992). Because a more specific motion would not have succeeded, Stevens' first claim fails both prongs of Strickland.
 
 
 7
 Stevens' second claim is that his counsel failed to make the proper objection to several sexually explicit videotapes that the state introduced into evidence. Although defense counsel did object on general relevance grounds, Stevens contends that the objection should have been that the tapes were improperly introduced to show a predisposition toward sexual deviancy.
 
 
 8
 On direct review of Stevens' conviction, the Virginia Court of Appeals held that, while the tapes were inadmissible to show a tendency toward sexual deviancy, they were nonetheless admissible to show "the nature of the prior relations between the defendant and the victim." Stevens v. Commonwealth, No. 1056-88-3, at p. 2 (Va. Ct. App. February 27, 1990). This direct explication of state law narrows Stevens' ineffectiveness claim considerably. In essence, Stevens claims that although the videotapes in question were admissible, there is a chance that if his trial counsel had made a specific objection, the State would have failed to re-offer the evidence for its admissible purpose, or that if the evidence was offered for its admissible purpose, the trial court would have improperly excluded it.
 
 
 9
 There may be some minute possibility that the outcome of this trial would have been different if a specific objection had been made. However, because the videotapes were admissible, and the defendant's daughter twice testified that she had been forced to perform oral sex upon the defendant, this minute possibility cannot satisfy Strickland 's requirement that our confidence in the outcome be undermined.
 
 
 10
 Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED